JOAN FRIERSON, AND HER HUSBAND, TOMMY FRIERSON
v.
SLIDELL MEMORIAL HOSPITAL AND MEDICAL CENTER, DR. CARLOS R. VASQUEZ, AND DR. MOHAMMAD MOUSA.
No. 2007 CA 1696.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
NOT DESIGNATED FOR PUBLICATION.
SUMPTER B. DAVIS, III, Attorney for Plaintiffs-Appellants, Tommy Frierson and the surviving children of Joan Frierson, Crystal Denine Pervel, Tammay Lynn Frierson and Tommy Glen Frierson.
ALLISON H. PENZATO, GARY L. HANES, Attorneys for Defendant-Appellee, Kalamani R. Dharma, M.D.
Before: CARTER, C.J., PETTIGREW, and WELCH, JJ.
CARTER, C. J.
Plaintiffs, the surviving husband and children of Joan Frierson, seek review of the trial court's ruling sustaining defendant, Dr. Kalamani R. Dharma's, peremptory exception raising the objection of prescription and dismissing plaintiffs' action as to Dr. Dharma. This medical malpractice action presents the question of whether a claim is perempted by virtue of LSA-R.S. 9:5628A, because it was not filed within three years from the date of the alleged malpractice.
Plaintiffs' original petition was timely filed by Mrs. Frierson and her husband against two doctors, Dr. Carlos R. Vasquez and Dr. Mohammad Mousa, and Slidell Memorial Hospital and Medical Center ("the original defendants") on December 10, 2001, after plaintiffs were notified that a medical review panel found no breach of the standard of care. The petition alleged that Mrs. Frierson suffered brain damage due to the original defendants' negligence on March 6, 1999.
Pursuant to discovery, plaintiffs learned that the original defendants planned to implicate Dr. Dharma. Consequently plaintiffs filed a supplemental and amending petition on October 23, 2006, naming Dr. Dharma as a defendant, alleging joint and several liability with the original defendants for the brain damage suffered by Mrs. Frierson on March 6, 1999. This pleading further alleged that Mrs. Frierson died on September 14, 2006, and sought wrongful death damages for her death on behalf of her husband and surviving children. However, the supplemental and amending petition did not allege any independent acts of negligence in connection with Mrs. Frierson's death.
In response to the supplemental and amending petition, Dr. Dharma filed an exception raising the objection of prescription on the grounds that plaintiffs' claim against Dr. Dharma was prescribed pursuant to LSA-R.S. 9:5628A.[1] Plaintiffs opposed the exception by arguing that the timely filing of suit against joint tortfeasors (the original defendants) interrupted prescription as to all other joint tortfeasors, including Dr. Dharma, citing LSA-C.C. art. 2324C.[2] After a hearing on May 15, 2007, the trial court granted the exception and dismissed plaintiffs' claim against Dr. Dharma. Plaintiffs appealed.
While this appeal was pending, the Louisiana Supreme Court resolved the same issue presented in this case, holding in Borel v. Young, 07-0419 (La. 11/27/07), ___ So.2d ___, ___, that LSA-R.S. 9:2658A, as reenacted by 1987 La. Acts No. 915, clearly establishes a peremptive time period. In Borel, the Supreme Court rejected the rationale and arguments raised by plaintiffs in this appeal, finding that "[c]onsidering the plain, explicit language of the statute, the obvious purpose behind the statute, and the readily apparent public policy, which mitigates against suspension, interruption, or renunciation of the time limit and in favor of certainty in terminating causes of action," the medical malpractice time limitation statute establishes a peremptive time period. Borel, ___ So.2d at ___.
Therefore, because the date of Mrs. Frierson's alleged negligent treatment on March 6, 1999, occurred over six years before plaintiffs filed their supplemental and amending petition naming Dr. Dhanna as a joint tortfeasor, the plaintiffs' claim against Dr. Dhanna was well beyond the three-year peremptive time period designated by the Louisiana Medical Malpractice Act. Peremptive time periods may not be renounced, interrupted, or suspended. LSA-C.C. art. 3461; Borel, ___ So.2d at ___. Thus, the trial court correctly sustained Dr. Dharma's exception.
Accordingly, we affirm the trial court judgment dismissing plaintiffs' claim against Dr. Dharma. All costs of this appeal are assessed against plaintiffs. We issue this summary opinion in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.2A(2) and (6).
AFFIRMED.
NOTES
[1] Louisiana Revised Statute 9:5628A provides in pertinent part:

No action for damages for injury or death against any physician ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect. (Emphasis added.)
[2] Louisiana Civil Code article 2324C provides: "Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors."